**In the Matter of SHAKESTEERS COFFEE SHOPS, a partnership composed of Milton Kaffen et al.**

**John M. ENGLAND, Trustee, Plaintiff-Appellee,**

**v.**

**UNITED STATES of America et al., Defendants-Appellants.**

**No. 75–1724.**

United States Court of Appeals, Ninth Circuit.

Nov. 18, 1976.

Timothy G. Laddish, Deputy Atty. Gen. (argued), San Francisco, Cal., for defendant-appellant, State of California.

Karl Schmeidler, Atty. (argued), Dept. of Justice, Washington, D. C., for defendant-appellant, the United States.

Vernon D. Stokes (argued), San Francisco, Cal., for plaintiff-appellee.

Before SNEED and KENNEDY, Circuit Judges, and RICHEY,* District Judge.

MARY ANNE RICHEY, District Judge:

The United States, the California Department of Benefit Payments, and the California Board of Equalization have appealed from the district court's decision that funds deposited in a special tax account pursuant to an arrangement proceeding under Chapter XI of the Bankruptcy Act (11 U.S.C. § 701 et seq.) should be considered a general asset of the bankrupt's estate and subject to costs and expenses of administration. Appellants contend that a trust fund in their favor was created by the arrangement court's order. In light of United States v. Randall, 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273 (1971), and In re Tamasha Town and Country Club, 483 F.2d 1377 (9th Cir. 1973), we find appellants' contentions to be without merit and affirm the decision below.[1]

Shakesteers Coffee Shops, the debtor in these proceedings, petitioned for an arrangement under Chapter XI in January of 1971. Thereafter the arrangement court entered an order for payment of state and federal taxes, directing the debtor to segregate and hold apart from all other funds the taxes accruing on debtor's business operations. The court required the debtor to open a special tax account and to make regular deposits therein of amounts due as tax liability on wages paid to Shakesteers' employees. Pursuant to the arrangement court's order, debtor deposited about $9,000 in the account for withholding taxes, FICA taxes, and certain state unemployment, disability, and sales taxes. Withdrawals were allowed only with joint signatures of the debtor and the referee.

In March of 1971, an arrangement not having been proposed or confirmed, the debtor was adjudicated bankrupt. At that time the funds in the special tax account were turned over to the trustee in bankruptcy and were placed in his trustee account. In February of 1974 the trustee applied for instructions from the bankruptcy court as to the disposition of the proceeds of the special tax account. The trustee was concerned that if the monies in the account were paid over to the state and federal tax entities, there would be insufficient funds remaining for payment of costs and expenses of administration. After a hearing on the matter, the bankruptcy judge issued an order in favor of the tax entities, ruling that the monies in the special tax account were trust funds for the taxing authorities and therefore should be excluded from computation of costs and expenses of administration. On appeal by the trustee, the district court reversed the order of the bankruptcy judge. The court held that the funds in the tax account were a general asset of the bankrupt's estate to the extent necessary to pay expenses of administration.

Section 64(a)(1) of the Bankruptcy Act [11 U.S.C. § 104(a)] sets forth the rules of priority for bankruptcy proceedings. It provides in pertinent part:

The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankruptcy estates, and the order of payment, shall be (1) the costs and expenses of administration . . . (4) taxes which became legally due and owing by the bankrupt . . . which are not released by a discharge in bankruptcy.

In United States v. Randall, supra, the Supreme Court construed section 64(a)(1) as an "overriding statement of federal policy on [the] question of priorities." 401 U.S. at

---

* The Honorable Mary Anne Richey, United States District Judge for the District of Arizona, sitting by designation.

1. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1291, and section 24a of the Bankruptcy Act, 11 U.S.C. § 47.

515, 91 S.Ct. at 993. There the debtor had entered into arrangement proceedings under Chapter XI and was ordered to establish special tax accounts for withheld income taxes and social security taxes. Although the debtor did withhold taxes, it did not deposit them in the special account. The debtor was subsequently adjudicated bankrupt. The United States argued that the withheld taxes constituted a trust in its favor, relying on section 7501(a) of the Internal Revenue Code.[2]

The Court rejected the government's theory, noting that the legislative development of the Bankruptcy Act showed a decline in federal tax preferences and an ascending priority for costs and expenses of administration.[3] The Court stated that the policy of subordinating taxes to costs of administration "would not be served by creating or enforcing trusts which eat up an estate, leaving little or nothing for creditors and court officers whose goods and services created the assets." At 517, 91 S.Ct. at 994. Furthermore, the specific priorities of the Bankruptcy Act were held to govern "generalized statutes," such as the Internal Revenue Code, which gave the government priority in a wide range of situations. *Id.*

In *In re Tamasha Town and Country Club, supra,* this Circuit followed *Randall* in holding that the segregation of funds under an aborted arrangement plan did not establish priorities that would supersede an adjudication of bankruptcy. There the government contended that *Randall* was not controlling for three reasons: (1) no reliance was placed on the Internal Revenue Code in *In re Tamasha,* but instead the government based its argument solely on the Bankruptcy Act; (2) there was an actual segregation

of funds in *In re Tamasha;* and (3) the judicial confirmation of the arrangement plan prior to the bankruptcy adjudication in *In re Tamasha* allegedly "vested" the parties' rights with respect to the tax funds. 483 F.2d at 1379. Rejecting the attempted distinctions, this Court held that *Randall* did not rest on the juxtaposition of two federal statutes or on the absence of an actual segregation of funds, but rather on the broad congressional policy manifest in the Bankruptcy Act favoring priority of costs and expenses of administration over tax claims. Moreover, in the Court's view, the confirmation of the arrangement plan did not freeze the rights of the parties so as to avoid the provisions of section 64(a). Orders entered pursuant to the arrangement proceedings were binding so long as the proceeding lasted, but were superseded by the subsequent bankruptcy adjudication. In short, "[w]hen the Chapter XI arrangement collapsed, accrued but unpaid taxes became subject to the priorities specified in section 64(a)." At 1380.

Appellants rely on *Otte v. United States,* 419 U.S. 43, 95 S.Ct. 247, 42 L.Ed.2d 212 (1974), in urging that this Court's former construction of *Randall* was incorrect. They contend that the non-segregation of funds in *Randall* was the determinative factor and that *Otte* supports their argument. However, we find *Otte* inapposite to the issue before us. There the Supreme Court decided that priority claims for wages due and unpaid at the commencement of bankruptcy proceedings were subject to withholding taxes, that tax entities were not required to file proofs of claim, and that the withholding taxes were entitled, as were the wage claims from which they derived,

---

**2.** "Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose."

**3.** "Until 1926 claims for administrative expenses were subordinate to tax claims. In that year they were placed ahead of taxes. The costs and administrative expenses of a trustee were, however, still subordinate to claims of the referee or creditors for preserving or recovering assets. In 1952 the Act was amended to give priority to administrative expenses of an ensuing bankruptcy proceeding over unpaid administrative expenses of the superseded proceeding." At 516, 91 S.Ct. at 993.

to second priority under section 64(a). In so holding, the Court expressly noted that the issue of a trust fund in favor of the United States was not before it.[4]

Appellants point to *dicta* in *Otte* where the Supreme Court gave a brief explanation of *Randall*. In rejecting the suggestion that its holding in *Otte* was contrary to *Randall,* the Court stated:

> That case concerned § 7501(a) of the Internal Revenue Code, 26 U.S.C. § 7501(a), with its provision for a trust fund for withheld taxes, and the impact of that statute, when not complied with, upon payment of first priority costs and expenses of administration. *Randall* is not a holding, as the trustee would claim . . . that the withholding taxes do not have the same priority as the wage claims themselves. At 57–58, 95 S.Ct. at 257.

According to the cited passage, *Randall* involved the impact of section 7501(a) when not complied with, *i. e.,* when withholding taxes are not segregated in a special fund. Significantly, the Court did not intimate that the result in *Randall* would have been different had there been a segregation of funds. Rather, the *dicta* would seem to be merely a description of the factual context of *Randall*. In light of *Randall's* broad language regarding the legislative development of the Bankruptcy Act and the congressional intent manifest in the statute, we reaffirm this Court's earlier position that the rationale of *Randall* was the para-

mount policy of section 64(a) favoring administrative expenses over tax claims.

In the instant case we find that the goal of sound administration in bankruptcy would not be furthered by recognition of a trust fund created pursuant to the unsuccessful arrangement proceeding.[5] Here, the funds deposited in the special tax account derived from proceeds of the debtor's ongoing business operations during the arrangement period. When the debtor was adjudicated bankrupt, no arrangement plan had been confirmed, and the bulk of the tax monies remained undistributed. The order for segregation of tax funds was superseded by the bankruptcy adjudication, and such adjudication related back to the original filing of the Chapter XI petition, *In re Tamasha, supra,* at 1380; *Miller v. Woolley,* 141 F.2d 837 (9th Cir. 1944). Thus, upon adjudication of bankruptcy, the monies segregated during the arrangement period became subject to the priorities specified in section 64(a).

Affirmed.

---

4. There the trustee had paid the priority wage claims, with the taxes withheld and set aside, pursuant to an agreement that the rights of the parties would not be affected thereby. The Court stated that the United States, therefore, was "not in a position to claim that a trust fund [had] been established under § 7501(a) of the Internal Revenue Code, 26 U.S.C. § 7501(a)." At 55 n. 8, 95 S.Ct. at 256.

5. We recognize that valid and superseding trust funds in favor of taxing authorities may be created under certain circumstances. *See generally* 4A Collier on Bankruptcy § 70.25 (14th ed. 1972). For example, in *In re Matter of Rohar Associates,* 375 F.Supp. 637 (S.D.N.Y. 1974), involving a dispute between certain tax claimants and a general creditor of the bankrupt, the court found that funds deposited in a special tax account were held in trust for the taxing authorities and were not part of the bankrupt's general estate. There, the debtor had maintained a special tax account for several years prior to the bankruptcy filing and had deposited therein checks marked "For Taxes." Significantly, this was done pursuant to the debtor's own accounting practices and not by court order. The district court distinguished *Randall* on the grounds that in *Randall* the disputed funds were "*taxes withheld subsequent to the filing of the petition,* and not deposited in a segregated account." At 639 (emphasis added).