563 F.2d 1316
 Limin KUNG, Plaintiff-Appellant,
v.
FOM INVESTMENT CORPORATION, Rammco Investment Corporation,
Del E. Webb Corporation, Louis E. Whipple and Sun
City Development Corporation,
Defendants-Appellees.
 No. 77-1185.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 1, 1977.
 
 David Ashburn Grey, Beverly Hills, Cal., for plaintiff-appellant.
 Kenji Machida, Nowland C. Hong, Parker, Milliken, Kohlmeier, Clark & O'Hara, Harry I. Sky, Los Angeles, Cal., for defendants-appellees.
 Before TRASK, WALLACE and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff-Appellant Limin Kung ("Kung"), a resident of Hawaii, brought this diversity action in the District of Hawaii, alleging that defendants had defrauded him in connection with his purchase of real property in California. Defendants obtained removal of the case to the Central District of California. The district court granted summary judgment to two defendants, Del E. Webb Corporation ("Del Webb") and Sun City Development Corporation ("Sun City"), and subsequently dismissed the action as to the remaining defendants, on the ground of lack of prosecution. Kung appeals, and we affirm.
 
 
 2
 Kung makes two arguments on appeal. First, he argues that the district court erred in granting summary judgment to Del Webb and Sun City, since there were material issues of fact to be resolved. Second, he argues that the district court abused its discretion in granting the motion to dismiss for lack of prosecution. Both arguments are without merit.
 
 
 3
 Kung's opposition to the motion for summary judgment rested upon his pleadings, and upon the affidavit of his Los Angeles attorney, Jack Dahlstrum,[1] which was filed prior to the date of hearing but after the deadline set by the district court. (The district court refused to consider the affidavit, since it was filed after the deadline, and ordered it stricken.) The allegations contained in the pleadings were conclusory, and the facts recited in the affidavit did not establish that Del Webb and Sun City were involved in the making of any misrepresentations which may have been made concerning the real property which Kung had purchased. As this court recently noted, "Conclusory allegations, unsupported by factual data, do not create a triable issue of fact." California ex rel. Dept. of Transportation v. United States, 561 F.2d 731, 733, n. 4, No. 75-2284 (9th Cir. June 22, 1977), slip op. at 1334-1335, n. 4.
 
 
 4
 While in the present case Kung did allege in his opposition to the motion for summary judgment that further discovery would support his allegations, he did so by way of Dahlstrum's affidavit. It is highly doubtful whether this affidavit satisfied the requirements of Fed.R.Civ.P. 56(f),[2] especially in the light of Kung's failure to make discovery during the previous course of the litigation.
 
 
 5
 We therefore conclude that summary judgment was proper in this action since, at bottom, Kung's case rested upon conclusory allegations, unsupported by fact, after he had been given ample opportunity to make adequate discovery. There was no triable issue of material fact. Despite the difficulty in conducting a case by transpacific telephone and mail, which difficulty the district court acknowledged, plaintiff was required to produce evidence which supported his allegations, and this he did not do.
 
 
 6
 The action was transferred to the Central District of California in April, 1975; yet, as of June, 1976, no pre-trial conference had taken place. Kung, through his local counsel, Dahlstrum, requested several continuances, which were granted. In May, 1976, Dahlstrum sustained an injury which left him incapacitated, and at a hearing on June 28, 1976, he requested yet another continuance, since he was closing his practice. The district court granted the continuance, with the understanding that the action would be dismissed if Kung was not ready for pre-trial conference within sixty days. On August 30, 1977, Kung appeared through recently retained local counsel, who requested yet another continuance. The district court dismissed the action.
 
 
 7
 This court has held that a district court's dismissal pursuant to Fed.R.Civ.P. 41(b) will not be overturned unless the district court clearly abused its discretion. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). We find no such abuse here. While the sanction of dismissal is a harsh one and we would normally expect the district court to consider less severe ones, Kung had been repeatedly warned that the case had to be prosecuted with diligence. The district court took into account the long-distance nature of the case, and the incapacity of Dahlstrum, but made it clear that dismissal would result if Kung was not ready for the pre-trial conference at the end of the last continuance. The warning was fair; it was flagrantly ignored; the sanction which followed was proper. Moreover, while it may seem unfair to Kung that the delays of his attorneys should be visited upon him, litigants are bound by the conduct of their attorneys, absent egregious circumstances which are not present here. See, Anderson v. Air West, Inc., supra, 542 F.2d at 526.
 
 
 8
 One final matter requires discussion. Although the district court did not make findings of fact and conclusions of law with regard to the dismissal, we do not believe that such findings and conclusions are required in cases such as these. The suggestion to the contrary in this court's opinion in Industrial Bldg. Materials, Inc. v. Interchemical Corp., 437 F.2d 1336, 1339 (9th Cir. 1970), to the effect that findings and conclusions are required in all dismissals on the merits under Fed.R.Civ.P. 41(b), we regard as dicta. We read Rule 41(b) to require the entry of findings and conclusions only where trial has begun and a motion for dismissal is made after the presentation of the plaintiff's case, on the ground that upon the facts and law the plaintiff has shown no right to relief. See, 5A J. Moore, Federal Practice, P 52.08 at 2739, n. 17. This is not such a case.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Dahlstrum was retained as co-counsel to conduct the case in the Central District, while Kung's attorney in Hawaii remained as lead counsel
 
 
 [2]
 "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."