In re Matthew Lawrence SARNER, aka Matt Sarner, Debtor.

Judith E. SARNER, Appellant,

v.

Matthew Lawrence SARNER, Appellee.

BAP No. NC–81–1355–KVE.

Bankruptcy No. 5–80–2059–M.

Adv. No. 800441.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued April 16, 1982.

Decided July 7, 1982.

Arnold L. Cornez, Arnold L. Cornez, P. C., Sunnyvale, Cal., for appellant.

Douglas Young, San Jose, Cal., for appellee.

Before KATZ, VOLINN and ELLIOTT, Bankruptcy Judges.

## OPINION

KATZ, Bankruptcy Judge:

Appellant Judith Sarner contends that the trial court improperly granted summary judgment on her complaint to determine dischargeability pursuant to 11 U.S.C. § 523(a)(5). The debtor, her ex-husband, sought to discharge his duty to pay for her furniture. The duty arose from the property settlement agreement negotiated between the Sarners in their marital dissolution. We AFFIRM based on appellant's failure to meet the requirements of Fed.R. Civ.P. 56(e).

Our appellate review proceeds as follows:

"In reviewing an order granting summary judgment, we first determine whether the opposing party has shown that a genuine issue as to any material fact exists. If, on the record, we find that no material facts are disputed, we view the evidence in the light most favorable to the party opposing the motion and determine whether the movant is entitled to prevail as a matter of law."

*Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

Rule 56 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 756 of the Bankruptcy Rules. Rule 56(e) states in part: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

"If the moving party's papers are sufficient to support the motion for summary judgment, however, the opposing party cannot rest on the allegations in his complaint but must come forward with the evidentiary affidavits. Otherwise, undisputed statements contained in the moving party's affidavits are taken as true." *Mutual Fund Investors, Inc. v. Putnam Management Co.*, 553 F.2d 620 (9th Cir. 1977). "Conclusory allegations, unsupported by factual data, do not create a triable issue of fact." *Kung v. FOM Investment Corp.*, 563 F.2d 1316 (9th Cir. 1977).

In considering the motion for summary judgment on the dischargeability of the furniture rental, the court had before it: (1) the amended complaint, (2) the dissolution decree and the property settlement agreement, (3) points and authorities supporting it opposing summary judgment, and (4) declaration of the husband.

The declaration amounts to an affidavit. Appellee states, under penalty of perjury, that he can competently testify to the nature of the dissolution property settlement, and does so. The affidavit is signed and dated.

Rule 56(e) sets out the form of affidavits properly supporting or opposing a summary judgment motion. The affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e).

The use of the affidavit triggers for the summary judgment movant the advantage of Rule 56(e).

Appellee, by affidavit, testifies that the furniture lease was allocated as property and not support. Appellant contradicts only by her pleadings. The attached settlement does not contradict appellee. He declares that the property division was carried out so that "My community property share was credited with the debts I assumed, in order to effect an equitable division of community assets." Nothing submitted by the appellant denies this. Appellant has failed to put any material fact in issue.

Having concluded that there is no material issue of fact to submit to trial, the second appellate inquiry is whether the law was correctly applied. Here, the trial court held

that as a matter of law, the furniture payments were dischargeable.

Appellant acknowledges that the attorney's fees issue was not raised below and thus cannot now be heard.

We AFFIRM the decision of the trial court holding the furniture debt to be dischargeable.