In re MAJOR DYNAMICS, INC., a California corporation, Debtor.

OFFICIAL CREDITORS COMMITTEE, Plaintiff,

v.

Herbert TUCHINSKY, Defendant and Third-Party Plaintiff,

v.

Martin GOLDBERG, Trustee of the Estate of Major Dynamics, Inc., Debtor, Third-Party Defendant.

Adv. No. C82–2348–P11.
Related No. 81–00821–P11.

United States Bankruptcy Court,
S.D. California.

April 7, 1986.

Estes & Hoyt, San Diego, Cal., for trustee.

Solomon, Ward, Seidenwurm & Smith, San Diego, Cal., for defendant and third party plaintiff.

MEMORANDUM OPINION RE SPECIFICATION OF FACTS AND ISSUES WITHOUT SUBSTANTIAL CONTROVERSY; PARTIAL SUMMARY JUDGMENT; AND SUMMARY JUDGMENT

JOHN J. HARGROVE, Bankruptcy Judge.

## I.

### INTRODUCTION

Defendant and Third-Party Plaintiff, Herbert Tuchinsky (hereinafter "Tuchinsky") filed a Third-Party Complaint for Declaratory Relief, Indemnity and Contribution on November 22, 1982. Martin Goldberg, the Defendant in this action, is the trustee of the estate of Major Dynamics, Inc. (hereinafter "Trustee"). Tuchinsky filed a Motion for Specification of Facts and Issues Without Substantial Controver-

sy; Partial Summary Judgment; and Summary Judgment. The Trustee also requested this Court grant Summary Judgment in his favor. Oral argument was heard on December 17, 1985. The Motion for Specification of Facts and Issues Without Substantial Controversy, Partial Summary Judgment and Summary Judgment was taken under submission and this Opinion sets forth the decision of the Court.

## II.

## STATEMENT OF FACTS

On March 16, 1981, Major Dynamics, Inc., d/b/a Sunstone Energy Systems, Inc., S & S Solar Energy Systems, Inc. and Helios Distributing Company (hereinafter "Debtor") filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. The Debtor continued operations under the control of Tuchinsky as president and chief executive officer until April 1, 1982, when the Court appointed the Trustee herein.

During the period of time that Tuchinsky operated the debtor-in-possession, he properly withheld taxes from the employees' payroll checks as required by State and Federal Tax Laws. However, Tuchinsky maintains that he was unaware that the tax monies were to be segregated and, accordingly, the withheld taxes were not deposited in segregated accounts or in a depository bank. Rather, the monies were placed in the Debtor's general operating account. Apparently, in late 1981, Tuchinsky drafted checks payable to the Internal Revenue Service (hereinafter "IRS") for accrued taxes. However, due to the Debtor's cash flow problem, the checks were later voided.

Shortly before a hearing scheduled for April 1, 1982, Tuchinsky stated that he received a call from the Debtor's attorney advising him that the Creditors Committee demanded that he not pay out any of the Debtor's funds. Further, the Debtor's attorney instructed him to comply with the demands of the Creditors Committee.

On April 2, 1982, the Court ordered Tuchinsky's removal and appointed Martin Goldberg as Trustee. At that time, approximately $77,000.00 in cash in the Debtor's general account was turned over to the Trustee.

The Trustee maintains that during the end of April, 1982, while in the process of preparing the Employer Quarterly Tax Return (Form 941), he became aware that Tuchinsky had failed to pay the required withholding taxes for the first quarter of 1982. Apparently, by that time, the $77,-000.00 in the Debtor's general account, which had been turned over to the Trustee, had been spent by the Trustee in operating the Debtor's business. Thereafter, the Trustee decided not to pay the unpaid withholding taxes and, instead, continued the Debtor's operations. The Trustee indicated that he opted to operate the Debtor's business because it appeared to the Trustee that the business could be made viable and that if he applied most of the Debtor's cash receipts to pay the unpaid withholding taxes he would have had to cease business operations.

The Trustee generated approximately $1,500,000.00 in gross revenues. However, almost all the revenues were paid out as operating expenses. The Trustee has not paid the taxes that accrued during Tuchinsky's tenure. All subsequent taxes have been paid.

Presently, the Trustee is operating the Debtor's business under Chapter 11 of the United States Bankruptcy Code. There is approximately $100,000 cash on hand. The Trustee has not decided whether to convert this case to a Chapter 7 proceeding.

The United States has assessed a 100% penalty against Tuchinsky for the unpaid taxes of Debtor totalling $72,014.12.

## III.

## DISCUSSION

*A. Evidentiary Rulings:*

Tuchinsky and the Trustee have raised several evidentiary objections to the Declarations on file. The parties were informed

that the Court would consider the evidence and then render a ruling on such objections. The following is a summary of the objections.

### Tuchinsky's Objections

Declaration of Martin Goldberg:

| Page and Line Reference: | Objections: |
| --- | --- |
| Page 2, lines 10–13. | Irrelevant. |
| Page 2, lines 14–16. | Hearsay. |
| Page 2, lines 16 through Page 4, line 28. | Irrelevant; Best Evidence Rule. |

Memorandum of Points and Authorities in Opposition to Motion:

| Page and Line Reference: | Objections: |
| --- | --- |
| Page 2, lines 10–13; Page 2, lines 24–25; Page 5, lines 7–26; Page 6, lines 5–9. | The facts are not supported by evidence and are therefore hearsay. The issues asserted were raised in the Complaint filed by the Creditors Committee. That Complaint was dismissed by the Court for failure to prosecute. That dismissal constituted a decision in Tuchinsky's favor on the merits. |

### Trustee's Objections

Supplemental Declaration of Herbert Tuchinsky:

| Page and Line Reference: | Objections: |
| --- | --- |
| Page 2, lines 23–24. | Irrelevant. |
| Page 3, line 12. | Irrelevant. |
| Page 4, lines 11–12. | Irrelevant; Opinion evidence. |

---

This Court overrules each of the foregoing objections.

### B. Specification of Facts Without Substantial Controversy:

Tuchinsky has requested that the Court specify facts that are without substantial controversy. Based upon the pleadings that were submitted and oral argument presented, this Court finds that only the following facts are without substantial controversy:

1. $77,370.77 in cash in the Debtor's general account was turned over to the Trustee on April 1, 1982.

2. During his term in office Tuchinsky, as controlling officer of the Debtor, properly withheld funds from the checks of the Debtor's employees, did not place such withheld funds in a segregated account or in a depository bank, but commingled the tax withhold funds in the Debtor's general operating account.

3. The United States claims unpaid withholding taxes against the Debtor and Tuchinsky in the total sum of $72,014.12, the accuracy of which sum is not being litigated in this proceeding and is disputed by Tuchinsky.

4. The Trustee filed a tax return for the first quarter of 1982 for the Debtor, but did not pay the taxes.

5. The Trustee has collected in excess of $1,500,000 during his tenure, has expended approximately $1,500,000 during his tenure, and still has in his possession cash in excess of $100,000.

### C. Specification of Issues Without Substantial Controversy:

Tuchinsky has also requested that the Court specify issues that are without substantial controversy. Tuchinsky has set

forth a number of issues in his Motion. Based upon the pleadings that were submitted and oral argument presented, this Court finds that only the following issues are without substantial controversy:

1. The Court has jurisdiction to hear the Third-Party Complaint pursuant to 28 U.S.C. § 1471 and 28 U.S.C. § 2201.

2. The withheld funds which the IRS seeks to recover from Tuchinsky under 26 U.S.C. § 6672, are costs of administration which should be acknowledged and paid by the Debtor.

3. The withheld funds are property of the Debtor's estate and are not subject to an impressed trust in accordance with 26 U.S.C. § 7501(a).

4. The Trustee does not have a duty to pay the taxes out of funds collected by him after his appointment.

5. Tuchinsky is not entitled to have the claims of the IRS paid from the estate prior to the closing of the Chapter 11 proceeding or a subsequent conversion of the Chapter 11 proceeding to a Chapter 7 proceeding.

6. In the event the Chapter 11 proceeding is converted to a proceeding under Chapter 7, the Trustee is not jointly liable for the payment of any post petition Chapter 11 IRS tax claims accruing prior to the appointment of the Trustee.

Additionally, this Court finds that a material triable controversy exists as to Tuchinsky's claim for indemnification against the estate for any amounts paid to the IRS by him.

The Court's rationale for these findings will be discussed in the following section entitled Summary Judgment.

### D. *Summary Judgment:*

This Court has jurisdiction to render a judgment in this action pursuant to 28 U.S.C. § 1471 and 28 U.S.C. § 2201.

Summary judgment is proper if the affidavits and other material demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *In re Zupancic,* 38 B.R. 754, 757 (9th Cir. BAP 1984). *See also* Bankruptcy Rule 7056; Fed.R.Civ.P. 56(c); *In re Sarner,* 22 B.R. 63, 64 (9th Cir. BAP 1982). Further, summary judgment may be granted to a non-moving party. See, *In re Independent Clearing House,* 41 B.R. 985, 996 (Bkrtcy. D.Utah 1984).

### 1. ENFORCEMENT OF SECTION 7501 TRUST.

Tuchinsky contends that the cash on hand at the time of the Trustee's appointment was subject to an impressed trust in accordance with 26 U.S.C. § 7501(a) (hereinafter "§ 7501 Trust").[1] Accordingly, Tuchinsky argues, such sums were not part of the estate and therefore should be paid to the Internal Revenue Service prior to the disbursement of any of the estate's funds. Moreover, Tuchinsky asserts that all monies subsequently collected by the Trustee are also part of the § 7501 Trust.

The seminal case concerning the enforcement of a § 7501 Trust against the bankruptcy estate is *United States v. Randall,* 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273 (1971). In *Randall,* a debtor-in-possession under Chapter 11 of the Bankruptcy Act was ordered to maintain a separate bank account for payroll taxes. The debtor withheld income and social security taxes from the wages of its employees, but did not deposit them in a segregated account. The estate was later liquidated. The IRS argued that the withheld taxes were not property of the estate but were subject to a trust pursuant to 26 U.S.C. § 7501. Additionally, the IRS asserted that the withheld

---

**1.** 26 U.S.C. § 7501(a) provides:

"Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose."

taxes should be paid before distribution to anyone else. The Court held that the enforcement of such a trust would defeat the express priorities of the Bankruptcy Act and therefore, such a lien must not be enforced. The Court concluded that the generalized statutes giving United States priority in a wide range of situations must be subordinated to specific priorities established under the Bankruptcy Act. 401 U.S. at 517, 91 S.Ct. at 994.

█ In contrast, Tuchinsky has cited several cases which concern the enforcement of a § 7501 Trust outside the bankruptcy proceedings. This Court finds that *Randall* is controlling. Accordingly, neither the funds turned over by Tuchinsky to the Trustee nor the cash generated by the Trustee are impressed with a § 7501 Trust. Therefore, the Trustee is not required to pay any such funds to either the IRS or to Tuchinsky. Any claim by the IRS is only entitled to the status of an administrative expense claim under 11 U.S.C. § 507(a)(1).

### 2. INDEMNIFICATION.

█ Tuchinsky also asserts that he is entitled to indemnification from the estate to the extent that he pays the taxes imposed under 26 U.S.C. § 6672 and reduces the estate's liability for withholding taxes. The Trustee, in response, argues that Tuchinsky should be estopped from asserting any claim for indemnification because of his alleged filing and circulation of fraudulent operating reports. Alternatively, the Trustee argues that Tuchinsky's claim should be subordinated to the claims of other creditors pursuant to § 510(c) of the Bankruptcy Code.

There are insufficient facts before this Court regarding Tuchinsky's alleged misconduct. A full hearing is required on Tuchinsky's claim for indemnification and the Trustee's request for subordination.

### 3. CONTRIBUTION.

Tuchinsky contends that the Trustee is personally liable to him and the IRS for failing to payover the § 7501 Trust funds. He reasons that the Trustee breached his fiduciary duty when he paid out sums to other creditors and did not satisfy the IRS' claim. Tuchinsky also submits that if the case is converted to a Chapter 7 without having first paid the § 7501 Trust funds, the Trustee is at least jointly liable for their payment.

As this Court has found, the funds transferred to the Trustee at the time of Tuchinsky's removal were not subject to the § 7501 Trust. Accordingly, since the Trustee did not receive any trust funds he cannot be held personally liable, nor jointly liable, for failing to pay out such sums.

V.

### CONCLUSION

After considering all the evidence set forth, the papers submitted and oral argument presented, this Court finds that the following facts are without substantial controversy:

1. $77,370.77 in cash in the Debtor's general account was turned over to the Trustee on April 1, 1982.

2. During his term in office Tuchinsky, as controlling officer of the Debtor, properly withheld funds from the checks of the Debtor's employees, did not place such withheld funds in a segregated account or in a depository bank, but commingled the tax withhold funds in the Debtor's general operating account.

3. The United States claims unpaid withholding taxes against the Debtor and Tuchinsky in the total sum of $72,014.12, the accuracy of which sum is not being litigated in this proceeding and is disputed by Tuchinsky.

4. The Trustee filed a tax return for the first quarter of 1982 for the Debtor, but did not pay the taxes.

5. The Trustee has collected in excess of $1,500,000 during his tenure, has expended approximately $1,500,000 during his tenure, and still has in his possession cash in excess of $100,000.

This Court further finds that the following issues are without substantial controversy:

1. The Court has jurisdiction to hear the Third-Party Complaint pursuant to 28 U.S.C. § 1471 and 28 U.S.C. § 2201.

2. The withheld funds which the IRS seeks to recover from Tuchinsky under 26 U.S.C. § 6672, are costs of administration which should be acknowledged and paid by the Debtor.

3. The withheld funds are part of the Debtor's estate and should not be paid to the taxing agency prior to the disbursement of any funds by the Trustee.

4. The Trustee does not have a duty to pay the taxes out of funds collected by him.

5. Tuchinsky is not entitled to have such sums paid to the IRS from the estate prior to any conversion.

6. In the event the Chapter 11 proceeding is converted to a proceeding under Chapter 7 without having first paid the withheld funds, the Trustee is not jointly liable for their payment.

This Court finds that as a matter of law, Tuchinsky is not entitled to have the claim of the IRS paid prior to the closing of the Chapter 11 proceeding or a subsequent conversion of the Chapter 11 proceeding to a Chapter 7 proceeding. Tuchinsky's Motion for Partial Summary Judgment on his first cause of action for declaratory relief is denied. Rather, Partial Summary Judgment as to Tuchinsky's first cause of action is granted in favor of the Trustee.

This Court further finds that as a matter of law Tuchinsky's Motion for Partial Summary Judgment on his third cause of action for contribution is denied. Partial Summary Judgment as to Tuchinsky's third cause of action is granted in favor of the Trustee.

Further, a material triable controversy exists as to Tuchinsky's second cause of action for indemnification and the Trustee's request for subordination. This remaining cause of action is set for a pretrial status conference on April 24, 1986 at 10:00 a.m. in Department Three.

Finally, the facts and issues specified to be without substantial controversy shall be deemed to be established in this action.

Counsel for the Trustee shall submit an Order in accordance with this decision for this Court's approval within 10 days.