**In re LONGHORN OIL AND GAS COMPANY, Debtor.**

**LONGHORN OIL AND GAS COMPANY, Plaintiff,**

v.

**FOX & HOLLAND, LTD., Defendant.**

**Bankruptcy No. 83–04616–H2–5. Adv. No. 84–0298–H3.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Aug. 14, 1986.

Harry Perrin, J. Mark Davis, Maddox, Perrin, & Kirkendall, Houston, Tex., for debtor.

Charles Potter, Tyler, Tex., for defendant.

## OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT

LETITIA Z. TAITTE, Bankruptcy Judge.

### I. Facts

On September 1, 1980, Longhorn Oil and Gas Co., Debtor, and Fox and Holland entered into an oil and gas lease operating agreement whereby the Debtor was designated as operator and Fox and Holland the non-operator. In July, 1981, Debtor completed and abandoned a dry hole known as the Red Fish Reef Well. In connection with the drilling of this well, Debtor charged Fox and Holland for tubing and casing which the Debtor purchased. In March of 1982, Debtor's treasurer made bookkeeping entries in the amount of $79,-145.67 crediting Fox and Holland for certain tubing and casing because this equipment was never used on the Red Fish Reef Well. Debtor's "Opposition to Defendant's Motion for Summary Judgment" admits that this charge was a mistake. In addition, in January of 1983, Debtor's treasurer acknowledged in a deposition that its charge to Fox and Holland was a mistake. (See Deposition of John Lake, Exhibit 1 to Defendant's Memorandum in Support of Its Motion For Summary Judgment)

On October 4, 1982, Fox and Holland initiated a lawsuit against the Debtor in state court. On July 23, 1983, the parties entered into an agreement in which the Debtor agreed to pay Fox and Holland $79,145.67 in six installments of $13,190.95 each. The initial installment was paid on or about July 25, 1983. The four subsequent installments were paid on August 5, 1983, August 8, 1983, September 6, 1983, and October 25, 1983. The sixth installment remains unpaid and is the subject of defendant's counterclaim.

On October 31, 1983, an Involuntary Petition and Consent of Debtor to Entry of Order for Relief was filed under Chapter 11 of the Bankruptcy Code. The Debtor as debtor-in-possession has alleged in its complaint that the four installments paid by Longhorn to Fox and Holland between August 5, 1983, and October 25, 1983, were preferences pursuant to Section 547 of the Bankruptcy Code. Fox and Holland has asserted in its Motion for Summary Judgment that the plaintiff wrongly appropriated the funds in question through fraud, conversion and/or mistake. Fox and Holland asserted that funds held in trust by the Debtor in a fiduciary capacity do not properly belong in the Debtor's estate and must be returned to their rightful owners.

### II. Discussion

The critical question is whether a constructive trust should be impressed on the funds transferred to Fox and Holland within the ninety day period prior to Debtor's filing bankruptcy.

The imposition of a constructive trust is to be determined by state law. *Jaffke v. Dunham,* 352 U.S. 280, 77 S.Ct. 307, 308, 1 L.Ed.2d 314 (1957); *In re Hurricane Elkhorn Coal Corp. II,* 32 B.R. 737, 739 (D.C. W.D.Ky.1983). Under Texas law the imposition of a constructive trust is appropriate where there is a breach of a fiduciary duty that results in unjust enrichment, *Palmer v. Fuqua,* 641 F.2d 1146 (5th Cir.1981); *Tyra v. Woodson,* 495 S.W.2d 211, 213 (Tex.1973), or where funds, through mistake, have been paid to one party to a transaction which in equity and good conscience should be transferred to another. *Cocke v. Pacific Gulf Development Corp.,* 594 S.W.2d 545, 548–549. (Tex.Civ.App.— Houston [1st District] 1980, no writ). Moreover, it is not essential that an actual trust or fiduciary relationship exist before the constructive trust remedy is available. *Meadows v. Bierschwale,* 516 S.W.2d 125, 131 (Tex.1974); *Austin Lake Estates, Inc. v. Meyer,* 557 S.W.2d 380, 382 (Tex.Civ.App.— Austin 1977, no writ).

The $79,145.67 paid to Debtor by Fox and Holland were by Debtor's admission the result of clerical error or mistake

by Debtor. Debtor has admitted that such funds are due and owing to Fox and Holland. Accordingly, a constructive trust is imposed on the funds wrongfully charged to the defendant for tubing and casing on the Red Fish Reef Well. *See Meadows v. Bieschwale, supra;* and *Cocke v. Pacific Gulf Development Corp, supra* at 548.

■ Where a constructive trust is established over property the Debtor holds for the benefit of others, those funds do not become part of the bankruptcy estate. 4 Collier on Bankruptcy, Section 541.13 (15th Ed.1985); *Kennedy and Cohen, Inc., et al. v. Reese,* 612 F.2d 963, 966 (5th Cir.1980). The trustee or debtor-in-possession is to turn over the property or proceeds to the trust to the beneficiaries. 4 Collier on Bankruptcy, Section 541.13 (15th Ed.1985).

There is no genuine issue of material fact for the Court to resolve. The parties have agreed that through mistake of the Debtor, expenses were incorrectly charged to the defendant. The first repayment, made outside the ninety day period, is not in any event subject to recovery by the trustee. Four repayments were made to Fox and Holland during the ninety day period prior to the bankruptcy filing. These funds are in the hands of Fox and Holland and are accordingly traceable in accordance with the requisites stated in *Kennedy and Cohen, supra* at pp. 965–966. The sixth payment is not in Fox and Holland's hands and has not been shown to be traceable.

It is therefore:

ORDERED that the defendant's Motion for Summary Judgment is granted as to the four payments made within the ninety day period, and in defendant's hands, and it is further,

ORDERED that the plaintiff's Motion for Summary Judgment is denied, and it is further,

ORDERED that the sixth installment not having been shown to be in the form of traceable funds, shall remain in the Debtor's estate.