Harry P. BEGIER, Jr., Trustee

v.

**UNITED STATES of America INTERNAL REVENUE SERVICE, Appellant.**

No. 88–1788.

United States Court of Appeals, Third Circuit.

Argued Jan. 31, 1989.

Decided June 30, 1989.

As Amended July 13, 1989.

Rehearing and Rehearing In Banc Denied July 28, 1989.

William S. Rose, Jr., Asst. Atty. Gen., Garry R. Allen, Wynette J. Hewett, Gary D. Gray (argued), Attys., Tax Div., Dept. of Justice, Washington, D.C. (Michael Baylson, U.S. Atty., of counsel), for appellant.

Paul J. Winterhalter (argued), Ciardi, Fishbone & DiDonato, Philadelphia, Pa., for appellee.

Before HUTCHINSON, SCIRICA and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Circuit Judge.

This case presents the question whether § 547 of the Bankruptcy Code allows a bankruptcy trustee to avoid as preferential transfers, payments of non-segregated funds to the Internal Revenue Service by the debtor during the pre-bankruptcy petition period in satisfaction of the debtor's tax withholding obligations.

The Internal Revenue Service appeals from a judgment of the district court upholding a decision of the bankruptcy court permitting appellee Harry P. Begier, Jr., the trustee in bankruptcy of debtor American International Airways, Inc., to recover pre-petition withholding tax payments from American International's general operating account. The bankruptcy court determined that the payments were transfers of property of the debtor's estate, not transfers of

funds held in trust for the IRS under § 7501 of the Internal Revenue Code. For reasons that follow, we hold these payments, transferred to the IRS before American International's bankruptcy petition was filed, to be a special fund in trust for the government under I.R.C. § 7501 and not recoverable as preferential transfers of the debtor's property. Therefore, we will reverse.

### I.

The facts in the case are not disputed. Debtor, American International Airways, Inc., was in the airline business. By the spring of 1984, it had become delinquent in remitting social security and income taxes withheld from employee wages, as well as excise taxes collected from airline passengers, to the United States. On March 1, 1984, the IRS notified American International of this delinquency and required it to file monthly (as opposed to quarterly) returns of its wage withholding and excise taxes, and to open a separate bank account to receive these tax deposits in trust for the IRS.[1]

On March 6, 1984, American International opened a bank trust account and made deposits of wage withholding and excise taxes. On April 30, 1984, American International paid the IRS $695,000 from the separate trust account and $734,798 from its general operating bank account. On June 22 and 27, 1984, it made two more payments from the general operating account of $200,000 and $11,636, respectively. Thus, American International made payments to the IRS of $695,000 from the separate trust account and $946,434 from its general operating account, for a total payment of $1,641,434. All payments were allocated by agreement between American International and the IRS to specific social security, income withholding and transportation excise taxes due from January 1984 to April 1984, except for the payment of $11,636 which was allocated to 1982 and 1983 excise taxes.

---

1. In the event of delinquency, the IRS may require collection of the tax and deposit in a separate account. I.R.C. § 7512.

On July 19, 1984, American International filed a petition in bankruptcy under Chapter 11 of the Bankruptcy Code. For three months thereafter, the debtor attempted to operate the business as a debtor-in-possession, but failed. Consequently, the bankruptcy court appointed a trustee and the case was converted to a liquidation under Chapter 11 of the Bankruptcy Code. The trustee then filed this adversary proceeding to recover the $1,641,434 tax payments as voidable preferences under 11 U.S.C. § 547(b).

The bankruptcy court did not allow the trustee to recover the transfer of $695,000 from the separate withholding tax account, holding that this was a transfer of funds held in trust, rather than from the debtor's estate. *Begier v. United States Internal Revenue Service*, 83 B.R. 324, 327 (Bankr. E.D.Pa.1988). This decision has not been appealed. However, the bankruptcy court determined that the trustee could recover as preferential transfers the $946,434 in payments made from the debtor's operating account, less $246,024.[2] In total, the court allowed the trustee to avoid $700,410 out of the $1,641,434 sought. *Id.* at 328. In explaining why it had treated as voidable preferences the transfers from the general operating account, the court reiterated the conclusion it had drawn in previous cases that, "only where a tax trust fund is actually established by the debtor and the taxing authority is able to trace funds segregated by the debtor in a trust account established for the purpose of paying the taxes in question would we conclude that such funds are not property of the debtor's estate." *Id.* at 329 (citing *In re American Airlines, Inc.*, 70 B.R. 102, 105 (Bankr.E.D. Pa.1987); *In re Rimmer Corp.*, 80 B.R. 337, 338–89 (Bankr.E.D.Pa.1987)). By order dated, August 15, 1988, the district court affirmed the decision of the bankruptcy court. This appeal followed.

## II.

As we have noted, we must decide whether § 547(b) of the Bankruptcy Code allows a bankruptcy trustee to avoid as preferential transfers, payments of non-segregated funds transferred from the debtor's general operating account to the IRS during the pre-bankruptcy petition period on account of the debtor's tax withholding obligations. Whether withheld taxes paid pre-petition to the IRS from non-segregated funds commingled with other funds of the debtor are avoidable preferences depends on whether the funds are considered to be property of the debtor's estate or held to be in trust for the IRS. The IRS argues that withheld taxes, paid pre-petition, are deemed to have been held in trust for the government under § 7501 of the Internal Revenue Code. The trustee responds that because the withheld taxes were commingled with the other funds rather than placed in a separate account, they may not be designated as trust funds and may be recovered.

### A.

Section 547(b) of the Bankruptcy Code allows the trustee in bankruptcy to recover payments on account of antecedent debts made by the debtor immediately prior to the filing of a bankruptcy petition:

§ 547. Preferences

\*　　\*　　\*　　\*　　\*　　\*

(b) Except as provided in subsection (c) of this section,

the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

---

**2.** The court denied recovery of the latter amount because either it was not paid on account of antecedent debts or because it was paid in the ordinary course of business.

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b) (1982).[3] Section 547(c) of the Bankruptcy Code provides a transferee creditor with defenses to a preference action brought by the trustee. 11 U.S.C. § 547(c).[4] Thus, to prevail in a preference action, the trustee must prove that a transfer of "property of the debtor" took place and that the transfer met the criteria listed in § 547(b). In addition, the trustee must overcome any § 547(c) defenses raised by the transferee. Funds held in trust do not constitute "property of the debtor," and therefore are not recoverable as a preference under § 547(b). *See* 11 U.S.C. § 541(d).[5]

Here, the IRS does not contest that the trustee meets the criteria listed in Section 547(b); rather, it argues that the payments were not "transfer[s] of property of the debtor" because the payments represent money held in trust for the IRS pursuant to Section 7501, and as such, are simply not subject to Section 547(b). Section 7501(a) provides:

§ 7501. Liability for taxes withheld or collected

(a) General rule.—Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose.

I.R.C. § 7501.[6] If a person required to collect or withhold any internal revenue tax

---

**3.** 11 U.S.C. § 547(b) was amended in 1984, although the earlier version is applicable to this case. *See* Pub.L. No. 98–353, Title III, §§ 310, 462, July 10, 1984, 98 Stat. 355, 378.

**4.** Former § 547(c), applicable to this case, provided in pertinent part:

(c) The trustee may not avoid under this section a transfer—

\* \* \* \* \* \*

(2) to the extent that such transfer was—
(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;
(B) made not later than 45 days after such debt was incurred;
(C) made in the ordinary course of business or financial affairs of the debtor and the transferee;
(D) made according to ordinary business terms. . . .

11 U.S.C. § 547 (1982). Section 547(c)(2) was amended in 1984. *See* Pub.L. No. 98–353, Title III, § 462, July 10, 1984, 98 Stat. 355, 378. The amendment struck out, *inter alia,* subparagraph (B), which read "made not later than 45 days after such debt was incurred." Pub.L. No. 98–353, § 462(c).

**5.** 11 U.S.C. § 541(d) provides:

(d) Property in which the debtor holds, as of the commencement of the case, only legal title

and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

**6.** Congress passed I.R.C. § 7501 (originally § 607 of the Internal Revenue Code) to provide the IRS with more effective tax collection methods:

Existing law provides with respect to a number of taxes that the amount of the tax shall be collected or withheld from the person primarily liable by another person, who is required to return and pay to the Government the amount of the taxes so collected or withheld by him. . . . Under existing law the liability of the person collecting and withholding the taxes to pay over the amount is merely a debt, and he can not be treated as a trustee or proceeded against by distraint. Section [606] of the bill as reported impresses the amount of taxes withheld or collected with a trust and makes applicable for the enforcement of the Government's claim the administrative provisions for assessment and collection of taxes.

from any other person under I.R.C. § 7501 fails to collect, account for, or pay over such tax, the IRS may require that person to collect the tax and deposit the amount in a separate bank account. I.R.C. § 7512. Thus, § 7501 itself does not require segregation of withholding taxes, unless the IRS, finding the employer delinquent in paying over the taxes, demands that the funds be placed in a separate account.

## B.

Because of the complicated legislative history and statutory authority in this case, we believe it would be helpful to track the development of the status of withholding tax payments in bankruptcy. Prior to the passage of the 1978 Bankruptcy Act, the seminal case addressing the status of withholding taxes in bankruptcy was *United States v. Randall*, 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273 (1971). In *Randall*, the IRS sought to collect withholding taxes in possession of the debtor after the commencement of the case in bankruptcy and which the debtor had failed to segregate into a separate trust account as required by court order. *Id.* at 514, 91 S.Ct. at 992–93. After dissolution of the corporation, the IRS, arguing that I.R.C. § 7501 created a statutory trust, requested the bankruptcy court to pay the amount of withheld taxes to the government before the payment of costs and expenses of administration of the estate. *Id.* at 514–15, 91 S.Ct. at 992–93. The Supreme Court upheld the bankruptcy court's refusal to pay over the withheld taxes, finding that the Bankruptcy Act is an overriding statement of federal policy on bankruptcy priorities, and that "the statutory policy of subordinating taxes to costs and expenses of administration would not be served by creating and enforcing trusts which eat up an estate, leaving little or nothing for creditors and court officers whose goods and services created the assets." *Id.* at 516–17, 91 S.Ct. at 994.

Several years later, in another pre–1978 Bankruptcy Act case, the Court found that I.R.C. § 7501 does not impose a trust for funds acquired post-petition absent tracing of those funds to taxes collected. *Slodov v. United States*, 436 U.S. 238, 256, 98 S.Ct. 1778, 1789–90, 56 L.Ed.2d 251 (1978). In *Slodov*, the corporation had dissipated its funds pre-petition, and was unable to meet its withholding tax obligations. *Id.* at 242, 98 S.Ct. at 1782–83. After the corporation filed for bankruptcy, the government argued that the Internal Revenue Code imposed a trust on funds acquired post-petition for the payment of the overdue withholding taxes. *Id.* at 254, 98 S.Ct. at 1788–89. The *Slodov* Court concluded that to construe § 7501 to impose a trust on property acquired post-petition, when no nexus had been established between that property and the taxes "withheld or collected" under I.R.C. § 7501, would conflict with the priority rules in bankruptcy. *Id.* at 255–56, 98 S.Ct. at 1789. We believe it is significant that both *Randall* and *Slodov* addressed whether the IRS could collect withholding taxes held post-petition.

In 1978, Congress enacted a new Bankruptcy Code. In enacting § 541 of the 1978 Bankruptcy Code, Congress allowed "reasonable assumptions" in tracing, thus relaxing the strict tracing requirement required by courts applying *Randall*:

As to withheld taxes, the House amendment deletes the rule in the Senate bill as unnecessary since property of the estate does not include the beneficial interest in property held by the debtor as a trustee. Under the Internal Revenue Code of 1954 (section 7501), the amounts of withheld taxes are held to be a special fund in trust for the United States. Where the Internal Revenue Service can demonstrate that the amounts of taxes withheld are *still in the possession of the debtor at the commencement of the case*, then if a trust is created, those amounts are not property of the estate.

S.Rep. No. 558, 73d Cong., 2d Sess. 53 (1934).
We note that the air transportation excise taxes and the withheld employee income taxes in this case are taxes that American Internation-

al was "required to collect or withhold ... and to pay over to the United States" under § 7501(a), and thus both are subject to the disposition of this appeal.

Where it is not possible for the Internal Revenue Service to demonstrate that the amounts of taxes withheld are *still in the possession of the debtor at the commencement of the case,* present law generally includes amounts of withheld taxes as property of the estate. *See, e.g., United States v. Randall,* 401 U.S. 513 [,91 S.Ct. 991, 28 L.Ed.2d 273] (1973), [(1971)] ... Nonetheless, a serious problem exists where "trust fund taxes" withheld from others are held to be property of the estate where the withheld amounts are commingled with other assets of the debtor. The courts should permit the use of reasonable assumptions under which the Internal Revenue Service, and other tax authorities, can demonstrate that amounts of withheld taxes are still in the possession of the debtor at the commencement of the case....

124 Cong.Rec. 32417 (Sept. 28, 1978) (statement of Representative Edwards); 124 Cong.Rec. 34016–17 (Oct. 5, 1978) (statement of Senator DeConcini) (emphasis added) (some citations omitted). Thus, for withholding taxes held as of the commencement of the case, i.e. *post-petition,* Congress relaxed the strict tracing requirement required by courts applying *Randall* and allowed the use of "reasonable assumptions" to trace funds paid to the IRS on account of withholding tax obligations to taxes actually withheld by the corporation.[7]

The status of withholding tax payments accrued and paid *pre-petition* was also considered and addressed by Congress in the legislative history of the 1978 Bankruptcy Act. Specifically, Congress addressed whether the trustee in bankruptcy could avoid as preferential transfers pre-petition payments of withholding taxes under § 547 of the Bankruptcy Code:

This provision [§ 547] will not apply to permit the trustee to recover estimated tax payments by a debtor, because no tax is due when the payments are made. Therefore, the tax on account of which the payment is made is not an antecedent debt. A payment of withholding taxes constitutes a payment of money held in trust under Internal Revenue Code § 7501(a), and thus will not be a preference because the beneficiary of the trust, the taxing authority, is in a separate class with respect to those taxes, if they have been properly held for payment, as they will have been if the debtor is able to make the payments.

H.R.Rep. No. 595, 95th Cong., 1st Sess, 373 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6329.

### C.

Several bankruptcy courts have considered whether this passage from the House Report protects pre-petition withholding tax payments to the IRS from avoidance when the payments were not made from a specific trust fund established for the benefit of the IRS, but rather were made from the debtor's general operating account. *Compare In re Rodriguez,* 50 B.R. 576 (Bankr.E.D.N.Y.1985) (if debtor is able to make the withholding tax payment pre-petition, taxes paid must be labeled as trust funds and are protected from avoidance) and *In re Razorback Ready–Mix Concrete Co.,* 45 B.R. 917 (Bankr.E.D.Ark. 1984) (same) *with In re Olympic Foundry Co.,* 63 B.R. 324 (Bankr.W.D.Wash.1986) (trustee may avoid all pre-petition withholding tax payments made pursuant to state law that were not drawn from a separately established tax account), *rev'd on other grounds,* 71 B.R. 216 (9th Cir. BAP 1987) *and In re Miller's Auto Supplies, Inc.,* 75 B.R. 676, 679–81 (Bankr.E.D.Pa.1987) (following *Olympic*).

In 1988, in a carefully detailed opinion, the question whether pre-petition payments of withholding taxes from the debtor's general operating account constitute avoidable preferential transfers under § 547(b) was squarely addressed by the Court of Appeals for the District of Columbia Circuit in *Drabkin v. District of Columbia,* 824 F.2d

---

**7.** *But see In re Miller's Auto Supply Co.,* 75 B.R. 676, 680 n. 4 (Bankr.E.D.Pa.1987) (declining to hold that *Randall* has been overruled by 11 U.S.C. § 541(d) and stating that *Randall* still has continuing vitality).

1102 (D.C.Cir.1987). In *Drabkin*, the bankruptcy trustee sought to recover as preferential transfers under § 547(b) withholding tax payments made pre-petition to the District of Columbia by the debtor, Auto–Train Corporation.[8] The bankruptcy and district courts found that the payments were avoidable transfers under § 547(b). Based on its reading of the legislative history of the Bankruptcy Code, the panel, in an opinion written by Judge Douglas Ginsburg, affirmed and held that the mere pre-petition payment of non-segregated funds did not exclude those funds from property of the estate and thus found them subject to recovery as a preference. *Id.* at 1103. Judge Ruth Bader Ginsburg dissented, concluding that the debtor's pre-petition ability to make the tax withholding payments placed the trust beneficiary in a class separate from other creditors and thus removed the payment from the category of preferences voidable by the trustee. *Id.* at 1118 (Ruth B. Ginsburg, J., dissenting).

Because *Drabkin* is so closely analogous to this case, the trustee urges us to follow the *Drabkin* majority, while the IRS argues that the *Drabkin* dissent is compelling. For reasons that follow, we find the *Drabkin* dissent convincing, and generally follow Judge Ruth Bader Ginsburg's analysis.

### D.

In her dissenting opinion, Judge Ruth Bader Ginsburg phrased the central issue in the case: "Does section 547 of the Bankruptcy Code ... empower the bankruptcy trustee to recover funds transferred to tax authorities during the pre-petition period in satisfaction of the debtor's withholding tax obligation?" *Drabkin*, 824 F.2d at 1117 (Ruth B. Ginsburg, J., dissenting) (citation omitted). The dissent resolved this issue based on the language of the House Report that accompanied the House version of the 1978 Bankruptcy Code. As we have previously noted, the House Report states:

A payment of withholding taxes constitutes a payment of money held in trust under Internal Revenue Code § 7501(a), and thus will not be a preference because the beneficiary of the trust, the taxing authority, is in a separate class with respect to those taxes, if they have been properly held for payment, as they will have been if the debtor is able to make the payments.

1978 U.S.Code & Admin.News at 6329. According to the dissent, the meaning of the Report's final words "... if they have properly been held for payment, as they will have been if the debtor is able to make the payments," clearly means that, "if the debtor is able to make the payment, the taxes 'have been properly held for payment,' which places the trust beneficiary in a class separate from other creditors and thus removes this payment from the category of preferences avoidable by the trustee." *Id.* at 1118 (citing *In re Rodriguez*, 50 B.R. 576, 581 (Bankr.E.D.N.Y.1985); *In re Razorback Ready–Mix Concrete Co.*, 45 B.R. 917, 922 (Bankr.E.D.Ark.1984)). We agree with this analysis.

While acknowledging that the debate over avoiding pre-petition payments of withheld taxes had centered primarily on this House Report,[9] the *Drabkin* majority

**8.** The District of Columbia Code created a statutory trust for withheld employee income taxes: "... [a]ny sum or sums withheld in accordance with the provisions of this section shall be deemed to be, and shall be, held in trust by the employer for the District." D.C.Code Ann. § 47–1812.8(f)(1) (1981). The *Drabkin* court found that § 7501(a) of the Internal Revenue Code "essentially mirrors the [statutory trust] provision on which the District ... relies." 824 F.2d at 1105.

In the case *sub judice*, we decide only that funds paid to the IRS pre-petition are held to be a special fund in trust under I.R.C. § 7501. This section is specifically mentioned in the legislative history of 1978 Bankruptcy Code. We do not address the status of taxes withheld pursuant to state law. *Cf. In re Miller's Auto Supplies, Inc.*, 75 B.R. 676, 680 (Bankr.E.D.Pa. 1987).

**9.** The IRS has argued that the House Report supports the conclusion that the payment of withheld taxes to the government from a debtor's general operating account serves to identify those payments as funds held in trust, thus insulating them from avoidance by the trustee in a preference action.

As the *Drabkin* majority observed, courts that have considered the House Report have focused on the final words of the passage: "... if they

discounted the Report's statement concerning the avoidability of pre-petition withholding tax payments under § 547(b) because the passage did little to clarify what the majority considered the central issue in the case: whether the transfer was of estate property as defined by § 541 of the Bankruptcy Code or whether the transfer was of trust funds.[10] According to the *Drabkin* majority, "[i]f the House intended this passage to provide criteria for determining when property is considered within the debtor's estate and when it is held in trust, we would expect to find the passage in its commentary on section 541, which defines what property is included within the debtor's estate...."[11] *Drabkin*, 824 F.2d at 1112. The court determined that

"one reaches the question of whether a payment is for an antecedent debt only after having concluded that funds were property of the estate [as defined in § 541] at the time of payment." *Id.*[12]

The IRS asks us to find that withheld taxes transferred pre-petition may not be defined as "property of the estate." In particular, the IRS argues that the language of the House Report discussing § 547(b) reflects congressional intent that the pre-petition payment of withholding taxes identifies those taxes as funds held in trust. As funds held in trust, they could not be defined as "property of the estate" under § 541, and consequently their transfers could not be avoided as preferential under § 547(b).[13] As we have noted, the

have been properly held for payment, as they will have been if the debtor is able to make the payments." *See Drabkin*, 824 F.2d at 1110–12. Two courts faced with the issue found dispositive the Report's language "... as they will have been if the debtor is able to make the payments," thereby holding for the taxing authority on the grounds that, if the debtor is able to make the payment, the monies would be labeled trust funds and the debtor's duty as trustee regarded as completed. *E.g., In re Rodriguez,* 50 B.R. at 581; *In re Razorback Ready–Mix Concrete Co.,* 45 B.R. at 922. On the other hand, a third court found dispositive the language "... if they had properly been held for payment," thereby allowing the trustee to avoid all pre-petition payments of withholding taxes to the state that were not drawn from a separately established fund. *In re Olympic Foundry Co.,* 63 B.R. at 328.

The *Drabkin* majority declined to rely on either the *Rodriguez–Razorback* analysis or the *Olympic Foundry* analysis. *See Drabkin*, 824 F.2d at 1110–12 (disapproving analysis based on legislative "snippets").

10. The dissent disagreed with the *Drabkin* majority for transforming a § 547(b) preferential transfer case into a case in which section 541's definition of "property of the estate" becomes the central focus. 824 F.2d at 1118 (Ruth Bader Ginsburg, J. dissenting). Indeed, the dissent postulated that "the question the majority poses —'whether the payment was of estate property or of trust funds'—was not the issue Congress wanted courts to resolve when faced with *pre-petition* withholding tax payments." *Id.* at 1119 (citation omitted; emphasis in original). The dissent explained:

True enough, '[i]f the funds in question were trust funds'—i.e. were not 'property of the estate' under section 541—'their pre-petition payment [could] never be a voidable preference.' Court's opinion at 1112. It does not

follow as the night the day, however, that if the funds were property of the estate, then the pre-petition payment would be a voidable preference.

*Id.* at 1118–19 (Ruth B. Ginsburg, J., dissenting).

11. The *Drabkin* majority found unconvincing the House Report's discussion of withholding taxes under § 547(b) because it was in the "wrong place" in the Report. Furthermore, it believed the passage to be only an elaboration of the observation that precedes it regarding tax payments made on account of an antecedent debt. 824 F.2d at 1112. We disagree. The passage specifically refers to a payment of withholding taxes as "a payment of money held in trust" with respect to which the taxing authority is "in a separate class," and therefore evinces Congress's intent to treat withholding taxes differently than other taxes. Given the passage's broad implication, we find that it is plainly more than an elaboration on the relationship between the timing of the payment and the incurrence of the debt.

12. The court explained:

The fact that the much contested passage arises in a discussion of the section 547 preference rules strongly suggests (1) that the House did not intend it to illuminate what constitutes a trust under section 541, and (2) that pre-petition payments of withheld taxes might qualify as voidable preferences, at least under some circumstances.

*Drabkin*, 824 F.2d at 1112.

13. The Bankruptcy Code does not define the phrase "property of the debtor" found in § 547(b). Therefore, courts have looked to whether the transferred property may be defined as "property of the estate" under § 541. Indeed, to constitute a preference under § 547(b), a transfer must deprive the debtor's

*Drabkin* majority declined to interpret the House Report discussion of § 547(b) in this manner because it appeared in the "wrong place" in the legislative history.

However, we believe that the placement of this passage in the Report's discussion of § 547(b) rather than in the discussion on the definition of "property of the estate" under § 541 does not diminish its relevance. We find that the House Report's discussion of § 547(b) indicates that, at least pre-petition, the act of payment of withholding taxes identifies those taxes as funds held in trust. As funds held in trust, these withholding taxes paid pre-petition are not property of the estate under § 541.

The *Drabkin* majority also identified other portions of the Bankruptcy Code's legislative history as illustrative of congressional intent regarding pre-petition payments of withholding taxes, including the Committee Report's discussion of section 547(c):

> In the tax context, this exception [§ 547(c) ] will mean that a payment of taxes when they are due, either originally or under an extension, or within 45 days thereafter, will not constitute a voidable preference. However, if a payment is made later than the last day on which the tax may be paid without penalty, then the payment may constitute a preference, if the other elements of a preference are present. In that case, the tax debt would be an antecedent debt and would not fall under this exception. However, the trustee would be able to recover only if the taxing authority did not have sovereign immunity or had waived it under proposed 11 U.S.C. § 106.

1978 U.S.Code Cong. & Admin.News at 6329. The trustee asks us to find, as the

*Drabkin* majority found, that this passage makes clear that Congress intended, in some circumstances, for pre-petition tax payments to be recoverable as voidable preferences. 824 F.2d at 1113. The *Drabkin* majority explained that the Report's commentary on § 547(c) quoted above, when read in conjunction with the Report's discussion of § 547(b), manifests legislative intent that the phrase "as they will have been if the debtor is able to make the payments" made in the Report's commentary on § 547(b) "presupposes payments made before a penalty is incurred, *not* whenever the debtor happens to make the payment."[14] *Id.* (emphasis in original).

We find, however, that the Report's discussion of § 547(c) makes no distinction between taxes on income earned by the debtor itself and taxes of others withheld by the debtor. In contrast, the House Report's discussion of § 547(b) directly addresses the issue of withholding taxes. As the *Razorback* court explained, taxes that an employer has an obligation to withhold from others are distinguishable from the taxes on income earned by the employer:

> [Withholding] taxes are ordinarily never considered property of the employer having the duty to withhold. Initially, the tax monies are the property of the employees from whose wages the monies are withheld, and after the withholding is accomplished, 26 U.S.C. Section 7501(a) provides that the monies belong to the United States and are held in trust by the employer.

45 B.R. at 920; *see also In re Rodriguez*, 50 B.R. at 581; *Kalb v. United States*, 505 F.2d 506, 509 (2d Cir.1974) (in paying withholding taxes over to the government, the

---

estate of property that could otherwise be used to satisfy creditors. *In re Newcomb*, 744 F.2d 621, 626 (8th Cir.1984); *see also* 4 *Colliers on Bankruptcy* ¶ 547.03[2] (1989) ("A transfer is preferential only if the property or the interest in property transferred belongs to the debtor. . . . The fundamental inquiry is whether the transfer diminished or depleted the debtor's estate.").

**14.** Accordingly, because the tax payments at issue in *Drabkin* were made by Auto–Train months after the taxes had become due, and were not protected from avoidance under

§ 547(c)(2) because they were made within 45 days after the payments were due, the *Drabkin* court allowed the trustee to recover as preferential the tax payments made by Auto–Train prior to its petition for bankruptcy. The court continued: "When the payment occurs after that 45-day period, as here, it qualifies as a voidable preference under § 547(b)–(c) *unless* the funds used are traceable to a trust and therefore excluded from the debtor's estate under section 541." 824 F.2d at 1115 (emphasis in original).

employer merely surrenders that which does not belong to him), *cert. denied*, 421 U.S. 979, 95 S.Ct. 1981, 44 L.Ed.2d 471 (1975); Heffron, *Fraud in Withholding*, 18 Inst. on Fed.Tax. 1073, 1076 (1960) ("The gross wages belong to the employee; but for the intervention of [withholding tax] law all would be paid to him."); *cf. In re Ribs–R–Us, Inc.*, 828 F.2d 199, 200 (3d Cir. 1987) (withheld taxes commonly referred to as "trust fund taxes"). Thus, withholding taxes are distinguished from taxes directly incurred by the debtor. Indeed, the IRS does not dispute that payments of non- "trust fund taxes," such as corporate income taxes, Federal Unemployment Tax Act taxes, and the employer's share of FICA taxes, would be subject to a preference action. We believe our holding reflects a proper consideration of the distinct nature of withholding taxes.

### E.

In a similar way, the *Drabkin* majority did not distinguish between pre-petition payment of withheld taxes and a post-petition action by the IRS to recover withheld taxes in the possession of the estate. Focusing on the legislative history of § 541, the *Drabkin* majority found that Congress intended to relax *Randall*'s strict tracing requirement to allow courts to permit the use of "reasonable assumptions" under which taxing authorities may demonstrate that amounts of withheld taxes are in the possession of the debtor at the commencement of the case. 824 F.2d at 1106. The *Drabkin* majority then concluded that, in the context of the case before it concerning pre-petition payments of withholding taxes, the question presented involved "the precise extent to which Congress relaxed [the tracing] requirement" through the use of "reasonable assumptions." [15] 824 F.2d at 1112. Finally, the court determined that the reasonable assumption, rather than the strict tracing rule of prior law should gov-

ern, and held that it was not a reasonable assumption to " 'conclusively presume that the funds used for payment necessarily are endowed with trust characteristics.' " *Id.* (citing *Olympic Foundry*, 63 B.R. at 329).

The dissent found inapposite the majority's emphasis on the "reasonable assumption" tracing burden imposed by Congress in response to the *Randall* case. *Drabkin*, 824 F.2d at 1119 (Ruth B. Ginsburg, J., dissenting). We agree. We believe that, when Congress relaxed *Randall*'s tracing requirement to allow courts to use "reasonable assumptions" to trace funds, it intended the reasonable assumption tracing burden to apply post-petition only. This is clear from the legislative history: "The courts should permit the use of reasonable assumptions under which the Internal Revenue Service, and other tax authorities, can demonstrate that amounts of withheld taxes are still in the possession of the debtor at the commencement of the case." *See supra* statements of Representative Edwards and Senator DeConcini.

### III.

We conclude, in accordance with congressional intent embodied in the legislative history, that the debtor's pre-petition payments on account of its tax withholding obligations are held to be a special fund in trust for the IRS for the government under I.R.C. § 7501 and are not preferential transfers of the debtor's property under 11 U.S.C. § 547(b).

Therefore, we will reverse and remand to the district court for further proceedings consistent with this opinion.

HUTCHINSON, Circuit Judge, dissenting.

I would affirm the order of the district court for the reasons set forth in the majority opinion of Judge Douglas Ginsburg for the District of Columbia Circuit in *Drabkin*

**15.** The *Drabkin* majority addressed the question whether the "reasonable assumption" tracing requirement would apply to pre-petition withholding tax payments after concluding that, "when the [withholding tax] payment occurs after [the] 45–day period [under § 547(c)(2)(B) ], … it qualifies as a voidable preference under section 547(b)–(c) *unless* the funds used are traceable to a trust and therefore are excluded from the debtor's estate under section 541." 824 F.2d at 1112.

*v. District of Columbia,* 824 F.2d 1102
(D.C.Cir.1987).