### In re HEARING OF ILLINOIS, INC., Debtor.

### William H. CHRISTISON, Trustee, Plaintiff,

v.

### The UNITED STATES of America, acting Through its agency, the INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 88–80922.
Adv. No. 89–8126.

United States Bankruptcy Court, C.D. Illinois.

Feb. 8, 1990.

Andrew W. Covey, Peoria, Ill., for plaintiff.

Darilynn J. Knauss, Asst. U.S. Atty., Peoria, Ill., for defendant.

U.S. Trustee, Peoria, Ill.

DECISION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

The Plaintiff, William H. Christison, Trustee (TRUSTEE), brought this proceeding pursuant to Section 547 of the Bankruptcy Code, seeking to recover an alleged preferential transfer to the Defendant, the Internal Revenue Service (IRS). Presently before the Court is the TRUSTEE's motion for summary judgment.

The factual background is undisputed. The Debtor, Hearing of Illinois, operated a hearing aid department on premises owned by P.A. Bergner & Co. of Illinois (BERGNERS). Pursuant to their lease agreement, BERGNERS would collect all payments for sales and services. Within ninety days prior to the filing of the Debtor's Chapter 11 petition, an account receivable owing to the Debtor by BERGNERS in the amount of $23,020.50, was transferred to the IRS on April 27, 1988, pursuant to a Notice of Levy served on BERGNERS by the IRS. The unpaid federal tax liabilities included employers quarterly federal taxes and employer's unemployment taxes for taxable periods ending from December 31, 1985, to December 31, 1987. The terms of the lease agreement between BERGNERS and the Debtor provided:

[BERGNERS] shall receive and hold in trust until an accounting is made in respect thereto, all sums collected with respect to sales made by or services rendered by the [Debtor], but shall not be obligated to segregate said funds or keep them in a separate account. Settlement shall be made by [BERGNERS] with [Debtor] for each fiscal month's business. Each month as [BERGNERS] makes an accounting to the [Debtor] of the business of the [Debtor] for the preceding fiscal month, it shall, after deducting its detailed listing of proper charges and any and all sums due from [the Debtor] to [BERGNERS], pay over to the [Debtor] the balance due to [it] through and including the last day of the preceding fiscal month on or before the last day of the next succeeding month.

382

The Chapter 11 proceeding was converted to one under Chapter 7 on December 5, 1988. The TRUSTEE filed this adversary proceeding to recover the transfer from BERGNERS to the IRS as preferential under Section 547. A motion for summary judgment was filed by the TRUSTEE. The motion was heard on November 13, 1989, and the matter was taken under advisement.

■ In response to the TRUSTEE's motion, the IRS contends that the amounts paid to it represented withholding taxes or "trust fund taxes" which are not considered to be property of the Debtor and hence cannot be recovered as a preferential transfer. The IRS relies upon *Begier v. United States Internal Revenue Service*, 878 F.2d 762 (3d Cir.1989), where the court ruled that a debtor's prepetition payment of withholding taxes is held to be a special fund in trust for the IRS under Internal Revenue Code Section 7501 and is not a preferential transfer of the debtor's property under Section 547(b) of the Bankruptcy Code. The court in *Begier* followed the dissenting opinion in *Drabkin v. District of Columbia*, 824 F.2d 1102 (D.C.Cir.1987). In reaching their opposing results, the majority in *Drabkin* and the court in *Begier* focused upon different passages of the legislative history. The target of the court's attention in *Begier* was the following explanation of Section 547 contained in the House Report:

> A payment of withholding taxes constitutes a payment of money held in trust under Internal Revenue Code Section 7501(a), and thus will not be a preference because the beneficiary of the trust, the taxing authority, is in a separate class with respect to those taxes, if they have been properly held for payment, as they will have been if the debtor is able to make the payments.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 373 (1977) reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 6329. Quoting the dissent in *Drabkin*, the court stated that the meaning of the latter phrase was clearly that

"[I]f the debtor is able to make the payment, the taxes 'have been properly held for payment,' which places the trust beneficiary in a class separate from other creditors and thus removes this payment from the category of preferences avoidable by the trustee." 878 F.2d at 768.

In contrast, the majority in *Drabkin* concluded, upon a review of the legislative history as a whole, rather than singling out one provision, that a payment of taxes made more than 45 days after the taxes were incurred is a voidable preference unless the funds were actually traceable to a trust. Important to the court's decision in *Drabkin* was the following discussion contained in the joint explanatory statement of the compromise bill regarding Section 541, and the scope of property of the estate:

> As to withheld taxes, the House amendment deletes the rule in the Senate bill as unnecessary since property of the estate does not include the beneficial interest in property held by the debtor as a trustee. Under the Internal Revenue Code of 1954 (Section 7501), the amounts of withheld taxes are held to be a special fund in trust for the United States. Where the Internal Revenue Service can demonstrate that the amounts of taxes withheld are still in the possession of the debtor at the commencement of the case, then if a trust is created, those amounts are not property of the estate.
>
> Where it is not possible for the Internal Revenue Service to demonstrate that the amounts of taxes withheld are still in the possession of the debtor at the commencement of the case, present law generally includes amounts of withheld taxes as property of the estate. Nonetheless, a serious problem exists where 'trust fund taxes' withheld from others are held to be property of the estate where the withheld amounts are commingled with other assets of the debtor. The courts should permit the use of reasonable assumptions under which the Internal Revenue Service, and other tax authorities, can demonstrate that the amounts of withheld taxes are still in the

possession of the debtor at the commencement of the case. For example, where the debtor had commingled that amount of withheld taxes in his general checking account, it might be reasonable to assume that any remaining amounts in that account on the commencement of the case are the withheld taxes. In addition, Congress may consider future amendments to the Internal Revenue Code making clear that amounts of withheld taxes are held by the debtor in a trust relationship and, consequently, that such amounts are not property of the estate. *Drabkin, supra,* at 1109.

The majority in *Drabkin* viewed the passage of legislative history which was relied on by the court in *Begier* as confined solely to the timing of the tax payments.

■ This Court need not side with either decision today. The IRS's reliance on *Begier* is inappropriate. The facts of this case go beyond even a broad application of *Begier*. *Begier* involved a voluntary payment of withholding taxes by the debtor prior to filing bankruptcy. The legislative history relied on by the court in *Begier* specifically states that a prepetition payment of withholding taxes constitutes a payment of money held in trust which is not a preference "if [the taxes] have been properly held for payment, as they will have been if the debtor is able to make the payments." The premise underlying this proposition was identified by the court in *In re Razorback Ready Mix Concrete Co.,* 45 B.R. 917, 922 (Bkrtcy.E.D.Ark.1984).[1]

[T]he intent of Congress in enacting Section 547 of the Bankruptcy Code, as reflected in the legislative history accompanying that section, was that a "payment of withholding taxes constitutes a payment of money held in trust ... and thus

will not be a preference." The legislative report adds the proviso that this is true "if [the taxes] have been properly held for payment," but considers the proviso as having been complied with "if the debtor is able to make the payments." House Report No. 95–595, 95th Cong., 1st Sess. (1977) p. 373, U.S.Code Cong. & Admin.News 1978, p. 6329. Thus, although Congress recognized the need under 26 U.S.C. Section 7501(a) of having a specific fund upon which to impress a trust, it also recognized that in situations like the one presented here if the debtor was able to make the payments, designated the payments as "taxes due" *and* delivered the payments to the government, the monies could be labeled trust funds and the debtor's duty as trustee was accomplished.

Thus, there is what might be termed a conclusive presumption that if the Debtor in fact made the payments to the IRS, designating them as taxes, the funds had been properly held in trust. Quite different is the situation here where the IRS has levied upon funds which were, without a doubt, not being properly held by the Debtor in trust for the payment of the withholding taxes overdue. There was no voluntary payment by the Debtor which could be treated, however fictitiously, as a proper payment. The IRS's action here is exactly what Section 547 seeks to undo.

■ The IRS also contends that it did not receive more as a result of the levy than it would have received in a hypothetical liquidation distribution because of its status as a secured creditor. In response, the TRUSTEE argues that the IRS is not a secured creditor. The TRUSTEE asserts that the IRS' lien is avoidable under Section 545(2) of the Bankruptcy Code.[2] That

---

**1.** The court's decision in *In re Razorback Ready Mix Concrete Co., supra,* was later overruled on other grounds by the same Bankruptcy Judge sitting in a different division of the same court in *In re Stonecipher Distributors, Inc.,* 80 B.R. 949 (Bkrtcy.W.D.Ark.1987).

**2.** While the TRUSTEE has not filed a motion to set aside the IRS' lien, both parties have indi-

cated that this proceeding may properly be resolved on the TRUSTEE's motion for summary judgment. There are no disputed questions of fact and both parties have adequately addressed the issue. Because resolution of the TRUSTEE's motion for summary judgment is dependent upon the validity of the IRS' lien, this Court will decide that issue without further pleading.

**384**

section provides that the trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that the lien is not enforceable against a bona fide purchaser at the time the bankruptcy is filed. Section 6323 of the Internal Revenue Code provides that a tax lien is not valid against securities, which are defined to include money. 26 U.S.C. Section 6323(b), (h)(4). Thus, the IRS' tax lien may be avoided here. *See Matter of Coan*, 72 B.R. 483 (Bkrtcy.M.D.Fla.1987).[3] Therefore, the IRS did receive more than it would have received in a Chapter 7 liquidation.

For the foregoing reasons, the TRUSTEE's Motion for Summary Judgment should be GRANTED.

This Decision is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

---

**3.** To the extent that the IRS seeks protection under Section 547(c)(6) to avoid the transfer, as opposed to the lien, its position is without merit. The TRUSTEE cites *Matter of R & T Roofing Struct. & Commercial Fram.*, 79 B.R. 22 (D.Nev. 1987), which involved a seizure of funds by the IRS, where the district court rejected the IRS' argument that the lien became "fixed" on the date the funds were seized. A similar result was reached by the court in *In re Cleveland Graphic Reproduction, Inc.*, 78 B.R. 819 (Bkrtcy.N.D. Ohio 1987), where the court stated:

The IRS's reliance upon Section 547(c)(6) is misplaced. The Debtor does not question the validity of the IRS's tax lien. The levies did

not "fix" a statutory lien as the IRS's statutory lien was perfected prior to the subject levies. Therefore, the transfers (levies) made are voidable since the IRS already had a valid statutory lien. The gravamen of the IRS's conduct was that it exceeded the mere fixing of a lien. Rather, IRS took specific steps to satisfy an existing tax lien. The fixing of a tax lien by notice and filing is not a preference and is so excepted by Section 547(c)(6). However, the Section 547(c)(6) exception extends only to the fixing of a lien, and not to its satisfaction. *See, Nowak*, Am.Bank.L.J., Vol. 55, p. 318.